**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**CHRISTOPHER ANDREW WELKER, #30124-044**                    **PETITIONER**

**VERSUS**                                    **CIVIL ACTION NO.  5:12-cv-166-DCB-MTP**

**WARDEN M. MATTHEW**                                                **RESPONDENT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte*, for consideration of dismissal.  Petitioner

Welker, an inmate incarcerated at the Federal Correctional Complex, Yazoo City, Mississippi,

filed this Petition for habeas corpus relief pursuant to 28 U.S.C. § 2241, on December 26, 2012.

Upon review of the Petition and Response, along with the applicable case law, the Court has

reached the following conclusions.

**I.  Background**

On October 7, 2004, Petitioner was convicted of possession of a firearm by a convicted

felon in violation of 18 U.S.C. § 922(g)(1), by the United States District Court for the Eastern

District of Missouri.  *See U.S. v. Welker*, 1:04-cr-90 (E.D. Mo. Oct. 7, 2004).  Petitioner was

sentenced to serve a 180- month term of imprisonment pursuant to the Armed Career Criminal

Act, 18 U.S.C. § 924(e).  Petitioner's conviction and sentence was affirmed by the Eighth Circuit

on November 5, 2002.  *See U.S. v. Welker*, No. 04-3535 (8th Cir. 2005).  Petitioner subsequently

filed a motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255, which was

denied by the sentencing court on January 9, 2009.  *See Welker v. U.S.*, 1:06-cv-48 (E.D. Mo.

Jan. 9, 2009).

Petitioner claims that he was sentenced before the United States Sentencing Guidelines

were determined to be advisory, and not mandatory, resulting in him not receiving full credit on

his federal sentence for a state sentence.  Specifically, Petitioner contends that the sentencing

court should have credited his time in state custody (for a state conviction and a separate

revocation) to his federal sentence pursuant to U.S.S.G. § 5G1.3.  As support for his claims,

Petitioner relies on *U.S. v. Booker*, 543 U.S. 220 (2005) and *U.S. v. Campbell*, 617 F.3d 958 (7th

Cir. 2010).[1]  As relief, Petitioner is asking to be re-sentenced to reflect all of the time he spent in

state custody.[2]

## II. Analysis

A federal inmate may attack the manner in which his sentence is being carried out or the

prison authorities' determination of its duration in a habeas petition pursuant to  28 U.S.C.

§ 2241, filed in the same district where the prisoner is incarcerated.  *See Pack v. Yusuff,* 218 F.3d

448, 451 (5th Cir. 2000).  By contrast, a federal inmate's challenge to the validity of his

conviction or sentence should be pursued in a motion pursuant to 28 U.S.C. § 2255, filed in the

sentencing court.  "[T]he primary means of collateral attack on a federal sentence" is a § 2255

motion.  *Id.* (quoting *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990)).  If a prisoner is

challenging errors that "occurred during or before sentencing" his claims should be pursued in a

§ 2255 motion. *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir.1997)(citations omitted).  Furthermore, a

---

[1]In *Booker*, the Court determined the Sentencing Guidelines are not mandatory. In *Campbell*, the Seventh Circuit vacated and remanded a sentence that was based on the district court's conclusion that it lacked authority to adjust the sentence for time already spent in state custody under § 5G1.3(c).

[2]In the Opinion denying Petitioner's § 2255 motion, the sentencing Judge states, "I did not impose Welker's federal sentence to run consecutively as recommended by the guidelines. . . . Instead I imposed a partially concurrent sentence by imposing the sentence 'to begin immediately, [and] he's to get all credit for any time that he should since he has been in federal custody,'" resulting in his sentence starting on October 7, 2004, as opposed to June 15, 2005. *Welker v. U.S.*, 2009 WL 57139, at *3 (E.D. Mo. Jan. 9, 2009).

habeas petition under § 2241 is not a substitute for a motion under § 2255.  *Pack*, 218 F.3d at 452 (citations omitted).

However, "[u]nder the savings clause of § 2255, if the petitioner can show that § 2255 provides him an inadequate or ineffective remedy, he may proceed by way of § 2241." *Wesson v. U.S. Penitentiary*, 305 F.3d 343, 347 (5th Cir. 2002)(citing *Pack*, 218 F.3d at 452.).  In order for a petitioner to meet the stringent "inadequate or ineffective" requirement, he "must show that (1) his claims are based on a retroactively applicable Supreme Court decision which establishes he may have been convicted of a nonexistent offense, and (2) his claims were foreclosed by circuit law at the time when the claims should have been raised in his trial, appeal, or first § 2255 motion." *Id.* (citing *Reyes-Requena v. U.S.*, 243 F.3d 893, 904 (5th Cir. 2001)).  Petitioner Welker bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective to test the legality of his detention. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.2001)("[T]he burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner.").

Any alleged constitutional violations regarding the sentencing court's application of U.S.S.G. § 5G1.3 clearly occurred at sentencing and challenge the correctness of Petitioner's sentence. *Martinez v. Joslin,* 423 F. App'x 392, 394 (5th Cir. 2011).  Therefore, Petitioner is not entitled to pursue these claims in a § 2241 petition unless he can demonstrate that he is entitled to relief under the savings clause. *Cotton v. Tamez*, 283 F. App'x 214, 215 (5th Cir. 2008).

Petitioner contends that he meets the requirements to proceed under the savings clause because the case law he relies on to support his claims was decided after his § 2255 motion was denied.  Factually, Petitioner's statement is only partially correct because the *Booker* decision

3

was handed down in 2005, prior to the 2009 disposition of his § 2255 motion, and the *Campbell* decision was handed down in 2010, after the disposition of his § 2255 motion.  The *Booker* decision was clearly available when the sentencing court considered Petitioner's § 2255 motion. The *Campbell* case is a Seventh Circuit decision and not a Supreme Court decision which establishes that Petitioner may have been convicted of a nonexistent offense.  Furthermore, the Fifth Circuit has clearly stated that "failing to succeed in a section 2255 motion does not establish the inadequacy or ineffectiveness of the section 2255 remedy."  *Pack*, 218 F.3d at 452-53;  *see also Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000)("[A] prior unsuccessful § 2255 motion, or the inability to meet AEDPA's 'second or successive' requirement, does not make § 2255 inadequate or ineffective").  Finally, the Court points out that the Fifth Circuit has consistently found that claims related to the application of U.S.S.G. § 5G1.3, fail to satisfy the requirements of the savings clause.  *See Stevens v. U.S.,* 470 F. App'x 303, 304 (5th Cir. 2012); *Haynes v. U.S. Bureau of Prisons*, 413 F. App'x 779, 780 (5th Cir. 2011);  *U.S. v. Larry*, 312 F. App'x 660, 661 (5th Cir. 2009);  *Cotton v. Tamez*, 283 F. App'x 214, 215 (5th Cir. 2008).  As such, the Court concludes that Petitioner does not meet the requirements to proceed with his claims under the savings clause.

As a final point the Court notes that in Petitioner's § 2255 motion, he contended that his trial counsel was ineffective for failing to request concurrent sentencing under U.S.S.G § 5G1.3, and appellate counsel was ineffective for failing to timely notify him that his direct appeal had been denied.  As stated above, the sentencing court denied this § 2255 motion in 2009.  Although the claims presented in this § 2241 Petition are not couched as ineffective assistance of counsel claims but instead as errors of the sentencing court, the Petitioner is advised that "[s]ection 2241

4

is simply not available to prisoners as a means of challenging a result previously obtained from a court considering their petition for habeas relief." *Kinder v. Purdy*, 222 F.3d 209, 214 (5th Cir.2000) (holding relief is not available in a § 2241 petition under the savings clause based on grounds previously denied in a § 2255 motion).  Petitioner is cautioned that multiple attempts to invalidate his federal sentence based on identical grounds may constitute an abuse of the writ. *See Falcetta v. U.S.,* 403 F. App'x 882, 883 (5th Cir. 2010) (finding to the extent inmate's § 2241 petition raises issues already decided it is an abuse of the writ).

**III. Conclusion**

As explained above, Petitioner's claims are not properly pursued under § 2241 and Petitioner has not met the requirements to proceed under the "savings clause."  Therefore, this Petition for habeas relief shall be dismissed as frivolous and to the extent that the Petition can be construed as a § 2255 motion it shall be dismissed for this Court's lack of jurisdiction.  *See Pack,* 218 F.3d at 454;  *see also Ojo*, 106 F.3d at 683 (finding inmate's § 2241 petition asserting claims properly pursued under § 2255 to be "thoroughly frivolous").

A Final Judgment in accordance with this Memorandum Opinion shall be issued.

SO ORDERED, this the __15th__ day of February, 2013.

 s/David Bramlette
                UNITED STATES DISTRICT JUDGE